**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

DAVID L. INGRAM,⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀Petitioner,⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
v.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀⠀⠀**Civil Action No.  2:23-00230**
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
SHELBY SEARLS,⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀Respondent.⠀⠀⠀)

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Respondent's "Motion to Dismiss" (Document No. 12), filed on June 5, 2023. By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 6.) Having thoroughly examined the record in this case, the undersigned respectfully recommends that the District Court deny Respondent's "Motion to Dismiss" (Document No. 12).

**FACTUAL BACKGROUND**

**1.⠀⠀⠀Criminal Nos. 18-F-28 and 18-F-163:**

On January 10, 2018, the Grand Jury of Fayette County, West Virginia, returned a two-count Indictment against Petitioner in Case No. 18-F-28 for one count of delivery of cocaine, a Schedule II narcotic controlled substance, in violation of West Virginia Code § 60A-4-401, and one count of delivery of methamphetamine, a Schedule II controlled substance, also in violation of West Virginia Code § 60A-4-401. (Document No. 1-3, p. 37 and 12-4.) On August 31, 2018, following a one-day jury trial, Petitioner was convicted on both counts. (Id.) On September 4,

2018, the State filed a Recidivist Information and an Amended Information in Case No. 18-F-163, alleging as follows: (1) On November 20, 1997, Petitioner was convicted of a felony offense (non-aggravated robbery) and was sentenced to an indeterminate term of imprisonment of five to eighteen years by the Wood County Circuit Court; and (2) On December 14, 2015, Petitioner was convicted of attempt to commit a felony (third offense shoplifting), and was sentenced to an indeterminate term of incarceration of one to three years by the Raleigh County Circuit Court. (Id.) On October 1, 2018, the parties presented an agreement to the Circuit Court wherein Petitioner agreed to admit to the prior non-violent felony (third offense shoplifting conviction) in exchange for the State agreeing not to seek a life recidivist sentence. (Id.) The Circuit Court, however, refused to accept the agreement after finding it was not "in the interest of public justice." (Id.) On October 24, 2018, a recidivist jury found that Petitioner was convicted of non-aggravated robbery on November 20, 1997 and attempt to commit third offense shoplifting on December 14, 2015. (Id.) By Order entered on December 14, 2018, the Circuit Court sentenced Petitioner to an enhanced recidivist penalty of life with the possibility of parole as to Count One (delivery of cocaine), and one to five years imprisonment as to Count Two (delivery of methamphetamine). (Id.)

On January 22, 2019, Petitioner, by counsel, Matthew Brummond, filed his Petition for Appeal with the Supreme Court of Appeals of West Virginia ("SCAWV"). (Document No. 12-1.) Specifically, Petitioner argued that the Circuit Court erred by applying "an incorrect legal standard to judge Petitioner's life recidivist sentence and erroneously concluded that his prior convictions show sufficient violence to satisfy the Proportionality Clause of the West Virginia Constitution." (Id.) On September 27, 2019, the State filed its Brief. (Document No. 12-2.) On October 17, 2019, Petitioner, by counsel, filed his Reply Brief. (Document No. 12-3.) By Memorandum Decision

2

filed on November 19, 2020, the SCAWV affirmed Petitioner's life recidivist sentence. (Document No. 12-4.)

On July 7, 2022, Petitioner filed a Rule 35(a) Motion for Correction of Sentence. (Document No. 1-3.) In his Motion, Petitioner alleged a "recent change in law/new rule of law in 'mens rea' for a specific intent applicable to [his] recidivist conviction." (Id., p. 1.) Petitioner argued that the "new" definition for violence made "his enhanced sentence defective." (Id.) By Order entered the same day, the Circuit Court denied Petitioner's Motion finding that Petitioner was sentenced pursuant to the law in effect at the time of his original sentencing. (Id., pp. 15 – 17.)

2.    **State *Habeas* Petition (Case No. 21-C-51):**

On April 26, 2021, Petitioner, proceeding *pro se*,[1] filed his Petition for Writ of *Habeas Corpus* in the Circuit Court of Fayette County. Ingram v. Searls, Case No. 21-C-51 (Cir. Ct. Fayette Co.); (Document No. 12-5.) As grounds for relief, Petitioner asserted the following:

> 1.    Government created propensity for violence with shift of culpability to Petitioner and determiner for recidivist enhancement;
>
> 2.    Entrapment through creation of offense by law enforcement who procured commission via coerced agent;
>
> 3.    Failure of State to demonstrate beyond reasonable doubt predisposition to commit offense/proportionality of violent intent; and
>
> 4.    Denial of effective assistance of counsel, Nancy S. Fraley, Esq., defense counsel for Petitioner during trial.

(Id.) By Order entered on March 11, 2022, the Circuit Court dismissed the petition finding that Petitioner's filings were "procedurally deficient." (Document No. 12-6.)

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

3.      **Original Jurisdiction Petition for Writ of *Habeas* Corpus (Case No. 21-0431):**

On May 20, 2021, Petitioner, acting *pro se*, filed a Petition for Writ of *Habeas Corpus* involving the original jurisdiction of the SCAWV. (Document No. 12-7.) Petitioner failed to assert any specific grounds for relief in his Petition. (Id.) Petitioner, however, simply attached a *Losh* waiver form. (Id., pp. 4 – 6.) On June 8, 2021, the State filed a Summary Response requesting that the SCAWV refuse the Petition "[b]ecause the Petitioner does not raise any specific claims challenging his convictions." (Document No. 12-8.) By Order entered on December 27, 2021, the SACWV refused Petitioner's Petition. (Document No. 12-9.)

4.      **Second State *Habeas* Petition (Case No. 22-C-45):**

On April 26, 2022, Petitioner, proceeding *pro se*, filed his second Petition for Writ of *Habeas Corpus* in the Circuit Court of Fayette County. Ingram v. Searls, Case No. 22-C-54 (Cir. Ct. Fayette Co.); (Document No. 1-2, pp. 14, 21-73.) As grounds for relief, Petitioner asserted the following:

> 1.      Ineffective assistance of counsel/deficient performance;
>
> 2.      Jurisdiction lost from an unconstitutionally vague statute § 61-11-18;
>
> 3.      An abuse of discretion by the circuit court judge, being prejudiced when he ruled on the admissibility of a twenty-year-old non-aggravated conviction for enhancement purposes; and
>
> 4.      Denied a fair and impartial judicial officer.

(Id., p. 25.) On July 7, 2022, the Circuit Court entered an "Order Summarily Denying and Dismissing Petition." (Document No. 12-10.)

On September 30, 2022, Petitioner filed his Notice of Appeal. (Document No. 12-14.) By Scheduling Order entered on October 4, 2022, Petitioner was directed to submit the $200 filing fee or proof of indigency by October 19, 2022. (Document No. 12-15.) By Notice of Intent to

Dismiss filed on November 23, 2022, Petitioner was notified that the SCAWV had neither received the $200 filing fee nor his proof of indigency. (<u>Id.</u>) Therefore, Petitioner was directed to "submit the $200 filing fee, an approved financial waiver from the lower tribunal, or a financial affidavit for approval by this Court on or before December 12, 2022, or the appeal will be dismissed." (<u>Id.</u>) On December 8, 2022, Petitioner filed a "Motion for Continuance/Extensions of Time for Appeal or to Hold in Abeyance." (Document No. 12-16.) By "Amended Scheduling Order and Notice of Intent to Dismiss" filed on December 28, 2022, the SCAWV granted Petitioner an extension until January 23, 2023, to "submit the $200 filing fee, an approved financial waiver from the lower tribunal, or a financial affidavit for approval by this Court." (<u>Id.</u>) By "Dismissal Order" filed on January 25, 2023, the SCAWV dismissed Petitioner's appeal after noting that Petitioner "did not submit the filing fee or a financial affidavit." (Document No. 12-17.)

5.      **First Petition for Writ of Mandamus (Case No. 22-668):**

On August 24, 2022, Petitioner, acting *pro se*, filed a petition for writ of mandamus against Circuit Court Judge Paul M. Blake, Jr. (Document No. 12-11.) Petitioner requested that the SCAWV order Judge Blake "to show cause why the Court refuses to allow him access to the Courts by way of his Writ of *Habeas* Corpus to establish a reviewable record for appellate purposes and to appoint habeas counsel." (<u>Id.</u>) On September 30, 2022, the State filed a Summary Response. (Document No. 12-12.) By Order entered on February 13, 2023, the SCAWV refused Petitioner's writ. (Document No. 12-13.)

6.      **Second Petition for Writ of Mandamus (Case No. 22-750):**

On October 5, 2022, Petitioner, acting *pro se*, filed a petition for writ of mandamus alleging that he was denied access to the courts when the Circuit Court summarily denied his *habeas* petition. (Document No. 12-18.) On October 19, 2022, Petitioner filed a motion to withdraw his

above petition. (Document No. 12-20.) On November 7, 2022, the State filed a Summary

Response. (Document No. 12-19.) By Order entered on November 23, 2022, the SCAWV granted

Petitioner's motion to withdraw and ordered that the mandamus action was withdrawn from the

docket. (Document No. 12-21.)

**7.      Section 2254 Petition:**

On March 24, 2023, Petitioner, acting *pro se*, filed his Petition Under 28 U.S.C. § 2254 for

Writ of *Habeas Corpus* By a Person in State Custody and Memorandum in Support. (Document

Nos. 1 and 2.) In his Petition, Petitioner asserts the following grounds for relief:

> 1.      Ineffective assistance of counsel at trial and on appeal:
>
>> A.      Trial counsel failed to object to the prosecution of the cocaine charge after learning of the State's failure to obtain and intercept warrant, illegally obtaining evidence for prosecution;
>>
>> B.      Counsel failed to move the court for disqualification of the Judge Paul Blake under Rule 17.01, Canon 2, Rule 2.11 of the Rules of Judicial Conduct for the traumatic incident of losing his daughter to a heroin overdose during trial in this case;
>>
>> C.      Counsel failed to object to the qualification of a non-aggravated offense conviction as a violent conviction.
>
> 2.      Lack of jurisdiction to qualify a 20 year old or older case for recidivist purposes.
>
> 3.      Vague interpretation of statute § 61-11-18 to allow his convictions to be qualified for recidivist purposes when there is no evidence of violence in any conviction.
>
> 4.      Denied fair and impartial judge.

(Document No. 1.)

As Exhibits, Petitioner attaches the following: (1) A copy of Petitioner's "Points and

Authorities" (Document No. 1-1, pp. 2 – 3.); (2) A copy of West Virginia Code § 61-11-18 (Id.,

pp. 4 - 5.); (3) A copy of a letter from Petitioner to the SCAWV regarding his "Motion to Recall Mandate in Case No. 19-0016" (Id., p. 6.); (4) A copy of State v. Ingram, 2020 W. Va. LEXIS 797 (Nov. 19, 2020) (Id., pp. 7 – 17.); (5) A copy of Petitioner's "Pro se Motion to Hold in Abeyance the Direct Appeal or for any other such relief for duel filings Case Number 22-736" as filed in the SCAWV in Case No. 22-668 (Id., p. 18.); (6) A copy of the "Amended Scheduling Order and Notice of Intent to Dismiss" as entered by the SCAWV on December 28, 2022 (Id., pp. 19 - 20.); (7) A copy of Petitioner's "Pro Se Notice of Intent to Appeal" as filed in Case No. 22-736 (Id., pp. 21 – 28.); (8) A copy of a "Scheduling Order" as entered by the SCAWV on October 4, 2022, in Case No. 22-736 (Id., pp. 29 - 31.); (9) A copy of a "Notice of Intent to Dismiss" as entered by the SCAWV on November 23, 2022, in Case No. 22-736 (Id., p. 32.); (10) A copy of Petitioner's "Pro Se Writ of Mandamus" as filed in the SCAWV in Case No. 22-668 (Id., pp. 33 – 40.); (11) A copy of a "Scheduling Order" as entered by the SCAWV on September 16, 2021, in Case No. 22-668 (Id., p. 41.); (12) A copy of an Order entered by the SCAWV on November 23, 2022, denying Petitioner's request to file a Reply Brief and for a stay in Case No. 22-668 (Id., p. 42.); (13) A copy of an Order entered by the SCAWV on February 13, 2023, denying Petitioner's petition for writ of mandamus in Case No. 22-668 (Id., p. 43.); (14) A copy of a "Scheduling Order" as entered by the SCAWV in Case No. 21-0431 (Id., p. 44.); (15) A copy of an Order entered by the SCAWV on December 27, 2021, denying Petitioner's motion for appointment of counsel in Case No. 21-0431 (Id., p. 45.); (16) A copy of an Order entered by the SCAWV on January 27, 2022, denying Petitioner's Petition for Writ of *Habeas Corpus* in Case No. 21-0431 (Id., p. 46.); (17) A copy of Petitioner's Petition for Writ of *Habeas Corpus* as filed with the Circuit Court (Id., pp. 47 – 56.); (18) A copy of the State's "Summary Response" as filed with the SCAWV in Case No. 21-0431 (Document No. 1-2, pp. 1 – 7.); (19) A copy of the Circuit Court's "Order of Dismissal" as filed

7

in Case No. 21-C-51 on March 11, 2022 (Id., pp. 8 – 13.); (20) A copy of the "West Virginia Filing

Receipt" and "Civil Case Information Statement" regarding Case No. 22-C-45 (Id., pp. 14 - 16.);

(21) A copy of Petitioner's "Motion for Appointment of Counsel" as allegedly filed in his *habeas*

action (Id., pp. 17 – 19.); (22) A copy of a Petition for Writ of *Habeas Corpus* and Exhibits without

a civil action case number or filing date identified (Id., pp. 21 – 73.); (23) A copy of Petitioner's

"Motion for Correction of Sentence" as filed in Case No. 18-F-163 (Document No. 1-3, pp. 1 –

14.); (24) A copy of the Circuit Court's "Order Denying Rule 35(a) Motion for Correctional of

Illegal Sentence" filed on July 7, 2022 (Id., pp. 15 – 17.); (25) A copy of an article entitled "Fourth

Circuit Finally Holds *Davis* Retroactive" (Id., p. 18.); (26) A copy of the Circuit Court's "Order

Summarily Denying and Dismissing Petition" as filed in Case No. 22-C-45 on July 7, 2022 (Id.,

pp. 19 – 36.); (27) A copy of the Docket Sheet for Case No. 18-F-28 (Id., pp. 37 – 40.); and (28)

A copy of Docket Sheet for Case No. 21-C-51 (Id., pp. 41 – 43.).

By Order entered on April 3, 2023, the undersigned directed Respondent to file an Answer

to the allegations contained in Petitioner's Petition. (Document No. 8.) On April 28, 2023,

Petitioner filed a Motion for Evidentiary Hearing and Appointment of Counsel. (Document No.

11.) On June 5, 2023, Respondent filed his Motion to Dismiss and Memorandum in Support.

(Document Nos. 12 and 13.) Respondent argues that Petitioner's Petition should be dismissed

because Petitioner failed to exhaust any of the grounds asserted in his Section 2254 Petition. (Id.)

Respondent explains that Petitioner did not present any of the grounds asserted in his Section 2254

Petition to the SCAWV. (Id.)

As Exhibits, Respondent attaches the following: (1) A copy of Petitioner's direct appeal

Brief as filed with the SCAWV in Case No. 19-0016 (Document No. 12-1.); (2) A copy of the

State's "Response Brief" as filed with the SCAWV in Case No. 19-0016 (Document No. 12-2.);

(3) A copy of Petitioner's "Reply Brief" as filed with the SCAWV in Case No. 19-0016 (Document No. 12-3.); (4) A copy of the SCWVA's Memorandum Decision as filed in Case No. 19-0016 (Document No. 12-4.); (5) A copy of Petitioner's State *habeas* petition as filed in Case No. 21-C-51 (Document No. 12-5); (6) A copy of the Circuit Court's "Order of Dismissal" as filed in Case No. 21-C-51 (Document No. 12-6.); (7) A copy of Petitioner's Original Jurisdiction *Habeas* Petition as filed with the SCAWV in Case No. 21-0431 (Document No. 12-7.); (8) As copy of the State's "Summary Response" as filed with the SCAWV in Case No. 21-0431 (Id., p. 12-8.); (9) A copy of the SCAWV's Order entered on December 27, 2021, denying Petitioner's motion for appointment of counsel in Case No. 21-0431 (Document No. 12-9.); (10) A copy of the Circuit Court's "Order Summarily Denying and Dismissing Petition" as filed in Case No. 22-C-45 (Document No. 12-10.); (11) A copy of Petitioner's Petition for Writ of Mandamus as filed with the SCAWV on August 24, 2022, initialing Case No. 22-668 (Document No. 12-11.); (12) A copy of the State's "Summary Response" as filed with the SCAWV in Case No. 22-668 (Document No. 12-12.); (13) A copy of the SCAWV's Order entered on February 13, 2023, refusing Petitioner's writ of mandamus (Document No. 12-13.); (14) A copy of Petitioner's Notice of Appeal concerning the Circuit Court's denial of his *habeas* petition in Case No. 22-C-45 (Document No. 12-14.); (15) A copy of the SCAWV's "Notice of Intent to Dismiss" as entered in Case No. 22-736 on November 23, 2022 (Document No. 12-15.); (16) A copy of the SCAWV's "Amended Scheduling Order and Notice of Intent to Dismiss" as entered in Case No. 22-736 on December 28, 2022 (Document No. 12-16.); (17) A copy of the SCAWV's "Dismissal Order" as entered in Case No. 22-736 on January 25, 2023 (Document No. 12-17.); (18) A copy of Petitioner's Petition for Writ of Mandamus as filed with the SCAWV on October 5, 2022, initiating Case No. 22-750 (Document No. 12-18.); (19) A copy of the State's "Summary Response" as filed with the SCAWV

9

in Case No. 22-750 on November 7, 2022 (Document No. 12-19.); (20) A copy of Petitioner's Motion to Withdraw Petition as filed with the SCAWV in Case No. 22-750 on October 19, 2022 (Document No. 12-20.); and (21) A copy of the SCAWV's Order entered on November 23, 2022, granting Petitioner's Motion to Withdraw Petition (Document No. 12-21.).

On June 6, 2023, Notice pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), was issued to Petitioner, advising him of his right to file a response to Respondent's request for dismissal. (Document No. 14.) On June 29, 2023, Petitioner filed his Response and Supplement Response. (Document Nos. 15 and 16.) On July 25, 2023, Respondent filed his Reply. (Document No. 17.) In response to the Respondent's Reply, Petitioner filed a "Requested Leave of Court to Clarify Believed Misstatement of Facts Upon Respondent's Last Reply." (Document No. 18.) By separate Order entered this day, the undersigned granted Petitioner's above request and construed the foregoing as a Surreply.

## THE APPLICABLE STANDARD

In Section 2254 proceedings, the familiar standards of Rule 12(b)(6) of the Federal Rules of Civil Procedure apply to motions to dismiss. <u>See</u> <u>Walker v. True</u>, 399 F.3d 315, 319, n. 1. (4th Cir. 2005); <u>also see</u> Rules Governing Section 2254 Cases in the United States District Courts, Rule 12 (The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with the *habeas* rules, may be applied to Section 2254 proceedings). A motion to dismiss a Section 2254 petition under Rule 12(b)(6) "tests the legal sufficiency of the petition, requiring the federal habeas court to 'assume all facts pleaded by the § 2254 petitioner to be true." <u>Walker v. Kelly</u>, 589 F.3d 127, 139 (4th Cir. 2009)(citing <u>Wolfe v. Johnson</u>, 565 F.3d 140, 169 (4th Cir. 2009). The court, however, is "not obliged to accept allegations that 'represent unwarranted inferences, unreasonable conclusions, or arguments,' or that 'contradict matters properly subject to judicial notice or by

10

exhibit.'" Massey v. Ojaniit, 759 F.3d 343, 353 (4th Cir. 2014)(quoting Blankenship v. Manchin, 471 F.3d 523, 529 (4th Cir. 2006). When assessing whether the Section 2254 petition states a claim for relief, the court must consider "the face of the petition any attached exhibits." Wolfe, 565 F.3d at 169 (internal quotations omitted). The court may also consider such exhibits and matters of public record, such as documents from prior state court proceedings, in conjunction with a Rule 12(b)(6) motion without having to convert the motion to one for summary judgment. Walker, 589 F.3d at 139.

## ANALYSIS

### 1.    Failure to Exhaust:

In Respondent's Motion, Respondent argues that Petitioner "failed to exhaust his available State remedies for all of his grounds for relief." (Document Nos. 12 and 13.) Respondent asserts that "Petitioner's appeal of the Circuit Court's denial of habeas relief was denied because Petitioner failed to pay the requisite filing fee." (Document No. 13, p. 8.) Respondent, thus, argues that Petitioner's appeal was never properly filed in the SCAWV. (Id.) Next, Respondent notes that Petitioner's "last petition for mandamus was voluntarily withdrawn." (Id.) Finally, Respondent states that "Petitioner's remaining filings in the SCAWV failed to present any of the grounds asserted in his instant Section 2254 petition." (Id., p. 9.) Therefore, Respondent concludes that "[b]ecause Petitioner has not presented any of the grounds asserted in his Section 2254 petition to the SCAWV, he has not exhausted his available State remedies and his Section 2254 petition must be dismissed." (Id.)

In Response, Petitioner appears to argue that he exhausted his State remedies because "the State willfully failed to respond in answer to." (Document No. 15, p. 1.) Petitioner contends that "[t]he State was given fair notice of a federal claim and deliberately failed to respond to the claim."

11

(Id.) Petitioner states that the "Circuit Court was presented with the issue of an unconstitutional vague statute by both the Writ of Habeas Corpus/Motion for Correction of Sentence and so was the State Supreme Court of Appeals by way of the Writ of Mandamus that was refused and not withdrawn as asserted by the State." (Id., pp. 1 – 2.) Petitioner argues that "Respondent relies heavily on the misstated fact of the Mandamus having been willfully withdrawn in order to bolster her claim for failure to exhaust state remedies." (Id.) Petitioner explains that "[o]n page two of the Mandamus, [Petitioner] presents the error argued in the *Davis* case that narrows the scope of the statutory reading of 61-11-18 and on page four of this action he asserts the error complained of in *Borden* for a new rule of law in "mens rea' that was not previously known to [Petitioner] and being a newly discovered, a new of rule of law." (Id., p. 2.) Petitioner concludes his claims were exhausted by presenting such to the SCAWV in his Petition for Writ of Mandamus, which was ultimately refused by the SCAWV. (Id.) Petitioner argues that "[t]he Writ of Mandamus is an original jurisdiction proceeding in the State Supreme Court that satisfies exhaustion." (Id., p. 3.) Next, Petitioner notes that he is claiming actual innocence regarding the recidivist enhancement because to "the element of violence towards a person [was] an element not proved beyond a reasonable doubt." (Id.)

In his Supplemental Response, Petitioner argues that his case "somewhat mirrors" Shinn v. Ramirez, 142 S.Ct. 1718 (2022). (Document No. 16, pp. 1 - 2.) Petitioner appears to argue he is entitled to an evidentiary hearing because the State forfeited any objection to his claims presented to the State Courts based on the State's failure to respond to his grounds for relief. (Id.) Petitioner also cites Stokes v. Sterling, 64 F.4th 131 (4th Cir. 2023). (Id., pp. 2 - 3.) Petitioner states that he does "not fully understand the weight of this holding, [but] believes it to mean that if it is determined that petitioner did fail to exhaust state remedies, although through no fault of his own

12

for the post-conviction proceedings attempted, he may still be allowed review of the claims asserted for the forfeited responses in the post-conviction proceedings by the state." (Id., p. 3.) Petitioner further argues that "he, in good faith and belief tried to have the state courts respond in answer to the federal claims presented to them and with their willful failure to respond in answer to them . . . was through not fault of his own and such failure should be construed against the state, not your petitioner." (Id., p. 2.) Finally, Petitioner concludes that "by Writ of Mandamus in the original jurisdiction of the State Supreme Court was presented and the state failed to respond in answer to the federal claims presented." (Id., p. 3.)

In Reply, Respondent first states that Petitioner filed two petitions for writ of mandamus in the SCAWV. (Document No. 17, pp. 2 – 4.) Respondent notes that one petition for writ of mandamus was refused and the other was withdrawn by Petitioner. (Id.) In the first petition for writ of mandamus, Respondent contends that "Petitioner requested mandamus relief against the Circuit Court of Fayette County 'to show cause why the Court refuses to allow him access to the Courts by way of his Writ of Habeas Corpus to establish a reviewable record for appellate purposes and to appoint habeas counsel as required by the case authority cited below." (Id., p. 2.) Although Respondent acknowledges that "Petitioner mentioned his claim that the Circuit Court's interpretation of West Virginia Code § 61-11-18 was unconstitutionally vague pursuant to United States v. Davis, 139 S.Ct. 2319 (2019), that claim was not the basis for the requested mandamus relief." (Id., p. 3.) Therefore, Respondent argues that "Petitioner did not exhaust the third ground for relief asserted in his instant Section 2254 petition in this mandamus petition." (Id.) As to Petitioner's second petition for writ of mandamus, Respondent notes that Petitioner withdrew that petition. (Id.) Since the petition was withdrawn, Respondent argues that "Petitioner effectively did not present any claims to the SCAWV." (Id.) Although Respondent acknowledges that Petitioner

13

challenged the recidivist sentence on his direct appeal, Respondent notes that Petitioner did not make that claim pursuant to Davis. (Id.) Respondent, therefore, argues that Petitioner did not exhaust his available State remedies concerning his Davis claim. (Id.) Second, Respondent argues that Shinn v. Ramirez and Stokes v. Stirling are inapplicable. (Id., pp. 3 – 4.) Respondent explains that Shinn and Stokes were inapplicable because "the State did not forfeit any objection" or right to respond. (Id.) Finally, Respondent contends that "Petitioner does not dispute that the other three claims presented in his instant Section 2254 petition are unexhausted." (Id., p. 4.) Accordingly, Respondent requests that the Court grant its Motion to Dismiss for failure to exhaust available State remedies as to all of Petitioner's Section 2254 grounds for relief. (Id.)

In his Surreply, Petitioner appears to argue that he exhausted his "Davis assignment of error" because "it was presented to the State Supreme Court of Appeals through his Writ of Mandamus which included his Motion for Correction of an Illegal Sentence as shown on page two of the Mandamus action." (Document No. 18, p. 2.) Petitioner states that "[t]he Davis issue was not presented to the State Supreme Court on direct appeal because it was not known to appellate counsel at the time of appeal, or if made know it was ineffective assistance of counsel to fail to raise this issue." (Id.) Next, Petitioner states that he "has no knowledge of a willful withdrawal of any second mandamus." (Id.) Finally, Petitioner disputes Respondent's claim that "petitioner does not dispute exhaustion of three other claims of error." (Id.) Petitioner states that he contends that all claims have been "fairly presented to the Courts of this State as is shown through the numerous filings, i.e., the Habeas action in the lower state court that included the Motion for Correction of Sentence (Rule 35a), the Writ of Mandamus that also included the 35a Motion and habeas action, all of which presented the errors assigned." (Id.)

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat.

14

1214 [AEDPA], effective April 24, 1996, provides that state prisoners must exhaust available state remedies prior to filing a § 2254 petition in federal court. 28 U.S.C. § 2254(b)(1)(A); see also, McDaniel v. Holland, 631 F.Supp. 1544, 1545 (S.D. W.Va. 1986)("A federal court will not entertain a state prisoner's petition for a writ of habeas corpus unless the prisoner has first exhausted available state judicial remedies."). Section 2254(b)(1)'s exhaustion requirement can be satisfied in either one of two ways: (1) the Petitioner can fairly present all claims in state court, or (2) the Petitioner's claims will be deemed exhausted if no state remedies are currently available. See Gray v. Netherland, 518 U.S. 152, 161, 116 S.Ct. 2074, 2080, 135 L.Ed.2d 457 (1996). Fair presentation requires the Petitioner to (1) present the same claims (2) to all appropriate state courts. See Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997), abrogated on other grounds, United States v. Barnette, 644 F.3d 192 (4th Cir. 2011). Presentation of the same claim "contemplates that 'both the operative facts and the 'controlling legal principles' 'must be presented to the state court." Id. (quoting Verdin v. O'Leary, 972 F.2d 1467, 1474 (7th Cir. 1992) (quoting Picard v. Connor, 404 U.S. 270, 277, 92 S.Ct. 509, 513, 30 L.Ed.2d 438 (1971)). Although it is unnecessary to cite "book and verse on the federal constitution," "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made." See Picard, 404 U.S. at 278, 92 S.Ct. at 514; Anderson v. Harless, 459 U.S. 4, 6, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982)(internal citations omitted); Baker v. Corcoran, 220 F.3d 276, 289 (4th Cir. 2000). The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined." Matthews, supra, 105 at 911. "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process

15

of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court." Duncan v. Henry, 513 U.S. 364, 365-66, 115 S.Ct. 887, 886, 130 L.Ed.2d 865 (1995); see also Baldwin v. Reese, 541 U.S. 27, 32, 124 S.Ct. 1347, 1351, 158 L.Ed.2d 64 (2004)(stating that "[a] litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal'"). Petitioner must also provide the state court with the facts supporting the claimed constitutional violation and "explain how those alleged events establish a violation of his constitutional rights." Mallory v. Smith, 27 F.3d 991, 994 (4th Cir. 1994). The requirement of presentation of the same claim to all appropriate state courts is designed to give "the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S.Ct. 1728, 1732, 144 L.Ed.2d 1 (1999). This requirement is satisfied by presentation to the state's highest court on either direct or collateral review. Id. at 844, 119 S.Ct. at 1732. In West Virginia, prisoners may exhaust their available State court remedies by the following: (1) stating cognizable federal constitutional claims in a direct appeal to the West Virginia Supreme Court of Appeals; (2) stating cognizable federal constitutional claims in a petition for a writ of *habeas corpus* in a State circuit court pursuant to West Virginia Code § 53-4A-1, followed by filing a petition for appeal from an adverse ruling to the West Virginia Supreme Court of Appeals; or (3) filing a petition for writ of *habeas* corpus under the West Virginia Supreme Court's original jurisdiction and receiving a dismissal with prejudice.[2] Moore v. Kirby, 879 F.Supp. 592, 593

---

[2]  An original jurisdiction petition that is denied without an indication that the denial is with prejudice following a determination on the merits will not exhaust the petitioner's state court remedies. *See Moore,*

(S.D.W.Va. 1995); McDaniel v. Holland, 631 F.Supp. 1544, 1545-46 (S.D.W.Va. 1986).

Generally, a federal district court may not review a Section 2254 petition unless there has been "total exhaustion" of the presented issues. Rose v. Lundy, 455 U.S. 509, 522, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); also see Preiser v. Rodriguez, 411 U.S. 475, 477, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973)(When a petitioner fails to exhaust his state court remedies, a federal *habeas* petition should be dismissed.) When a petitioner presents a mixed petition under § 2254, that is a petition containing claims that are both exhausted and unexhausted, the District Court may (1) dismiss the petition in its entirety; (2) order a stay and abeyance while the petitioner exhausts his claims in State Court; or (3) allow the petitioner to remove the unexhausted claim claims and proceed with the exhausted claims. Rhines v. Weber, 544 U.S. 269, 275-77, 125 S.Ct. 1528, 161 L.E.2d 440 (2005). "[N]otwithstanding the failure of an applicant to exhaust the remedies available in the courts of the state," a district court may deny the unexhausted claims on the merits. 28 U.S.C. § 2254(b)(2); also see White v. Keller, 2013 WL 791008, * 5 (M.D.N.C. March 4, 2013). To be excused from the exhaustion requirement, Petitioner must establish that "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). The foregoing statutory exceptions apply "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." Duckworth v. Serrano, 454 U.S. 1, 3, 102 S.Ct. 18, 70 L.Ed.2d 1 (1981). "State remedies may be rendered ineffective by inordinate delay or inaction in state proceedings." Ward v. Freeman, 46 F.3d 1129 (4th Cir. 1995)(unpublished

---

879 F.Supp. at 593; *McDaniel*, 631 F.Supp. at 1546; *see also, Meadows v. Legursky*, 904 F.2d 903, 908-09 (4th Cir. 1990)(*abrogated on other grounds, Trest v. Cain*, 522 U.S. 87, 118 S.Ct. 478, 139 L.Ed.2d 444 (1997)).

table decision); <u>Farmer v. Circuit Court of Md. for Balt. City.</u>, 31 F.3d 219, 223 (4th Cir. 1994)("There is . . . authority for treating sufficiently diligent, though unavailing, efforts to exhaust as, effectively, exhaustion, and for excusing efforts sufficiently shown to be futile in the face of state dilatoriness or recalcitrance.").

The undersigned finds that all grounds contained in Petitioner's Section 2254 Petition are unexhausted and there is no allegation or indication that Petitioner should be excused from the exhaustion requirement. Specifically, Petitioner never fairly presented the following claims to the SCAWV: (1) Ineffective assistance of trial and appellate counsel based on counsel's failure to (a) object to the prosecution of the cocaine charge after learning of the State's failure to obtain and intercept warrant, (b) move the court for disqualification of Judge Paul Blake, and (c) object to the qualification of a non-aggravated offense conviction as a violent conviction; (2) Lack of jurisdiction to qualify a 20 year old or older case for recidivist purposes; (3) "Vague interpretation of statute § 61-11-18 to allow his convictions to be qualified for recidivist purposes when there is no evidence of violence in any conviction" in violation of the holding in <u>United States v. Davis</u>, 588 U.S. ___, 139 S.Ct. 2319 (2019) and <u>Borden v. United States</u>, 593 U.S. ___, 141 S.Ct. 1817, 210 L.Ed.2d 63 (2021); [3] and (4) Denied fair and impartial judge. First, Petitioner does not appear to dispute that the foregoing claims were not "fairly presented" to the SCAWV on direct appeal. (<u>See</u> Document No. 12-4.) Second, the record clearly reveals that the SCAWV did not dismiss *with prejudice* Petitioner's original jurisdiction *habeas* petition. (See Document No. 12-13.) Third, the SCAWV did not render a decision Petitioner's appeal of the Circuit Court's denial of *habeas*

---

[3] Although Petitioner asserted this claim in his appeal of the denial of his *habeas* Petition to the SCAWV, Petitioner's claim focus solely upon the alleged violation of State law. (Document No. 12-14, pp. 23 - 26.) Since Petitioner did not allege a violation of Federal law in his appeal, the foregoing claim is unexhausted. This claim, as presented in his Section 2254 Petition, properly alleges a violation of Federal law.

relief in Case No. 22-C-45 because the SCAWV dismissed the appeal due to Petitioner's failure to pay the filing fee. (See Document No. 12-17.)

Finally, the undersigned will consider Petitioner's claim that he exhausted his remedies by asserting the above grounds in his petitions for writ of mandamus filed with the SCAWV (Case Nos. 22-668 and 22-750). A thorough review of these petitions for writ of mandamus reveals the contrary. To "fairly present" a ground, the federal question must be plainly defined and the ground must be presented face-up and squarely. See Matthews, supra, 105 at 911. As stated above, "[i]f state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. In his petition for writ of mandamus initiating Case No. 22-668, Petitioner requested that the SCAWV issue mandamus "against the Respondent, Paul M. Blake, Jr. Circuit Court Judge of Fayette County to show cause why the Court refuses to allow [Petitioner] access to the Courts by way of his Writ of Habeas Corpus to establish a reviewable record for appellate purposes and to appoint habeas counsel as required by the case authority." (Document No. 12-11, p. 2.) Petitioner argued that the SCAWV should require the Circuit Court to appoint Petitioner *habeas* counsel and conduct and omnibus hearing regarding his *Losh* List and Davis/Borden claim. (Id.) Petitioner further asserted that Judge Blake should be disqualified due to an indication of bias against Petitioner. (Id., pp. 2 – 3.) Petitioner alleged the bias results from Judge Blake's "daughter's untimely death from a heroin overdose." (Id.) Petitioner explained he was denied his "constitutional right to access to the courts" due to the denial of appointed *habeas* counsel and an omnibus hearing. (Id., pp. 4 - 7.) Petitioner concluded his petition for writ of mandamus by requesting the SCAWV enter an order "directing the lower Court of Fayette County to rescind its previous order and move forward to appoint counsel for habeas purposes as is necessary." (Id., p.

7.) Clearly, the foregoing petition for writ of mandamus did not "fairly present' any of the grounds asserted in Petitioner's Section 2254 Petition to the SCAWV for purpose of exhausting his state remedies. As to Petitioner's second petition for writ of mandamus filed with the SCAWV initiating Case No. 22-750, that petition was clearly withdrawn by Petitioner despite his allegations to the contrary. (Document Nos. 12-20 and 12-21.) Any assertion by Petitioner that he did not withdraw his petition for writ of mandamus in Case No. 22-750 is disingenuous. (Document No. 12-20, p. 1.)("With all due respect, will the clerk please respond in verification of the second successive petition for Writ of Mandamus in Case No. 22-750 has been withdrawn.") Accordingly, Petitioner's petition for writ of mandamus filed in Case No. 22-750 did not exhaust his available state remedies as it was withdrawn by Petitioner. Thus, the foregoing claims are unexhausted. To the extent Petitioner relies upon Shinn v. Ramirez and Stokes v. Stirling, the undersigned finds the above cases are inapplicable as there is no indication that the State forfeited any objection.

Nevertheless, a claim that has not been presented to the state's highest court "may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000)(citing Gray v. Netherland, 518 U.S. 152, 161, 116 S.Ct. 2074, 2081, 135 L.Ed.2d 457 (1996). Although such claims are technically exhausted, the procedural default doctrine applies to those claims in a subsequent Section 2254 proceeding. See Clagett v. Angelone, 209 F.3d 370, 378 (4th Cir. 2000)("If claims were not exhausted in state court but would now be procedurally barred if brought in state court, then federal courts can treat the claims as if they were procedurally defaulted in the state courts.") Thus, "[a] habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion [because] there are no state remedies any longer available to him." Coleman v. Thompson, 501 U.S. 722, 732, 111 S.Ct. 2546, 115

20

L.Ed.2d 640 (1991)(citations omitted). West Virginia's post-conviction statute, West Virginia Code 53-4A-1 *et seq.*, "clearly contemplates that a person who has been convicted of a crime is ordinarily entitled, as a matter of right, to only one post-conviction habeas corpus proceeding." Markley v. Coleman, 215 W.Va. 729, 733, 601 S.E.2d 49, 53 (2004). West Virginia Code § 53-4A-1(c) addresses when a *habeas* "contention" or claim is deemed waived. Section 53-4A-1(c) further creates a rebuttable presumption that a state *habeas* petitioner knowingly and intelligently waives any claim that could have been, but was not, presented during the state *habeas* proceedings. The SCAWV, however, has stated that "[b]efore the failure to advance contentions in a habeas corpus proceeding will bar their consideration in subsequent applications for habeas corpus relief, the record must conclusively demonstrate that the petitioner voluntarily refrained from asserting known grounds for relief in the prior proceedings." Gibson v. Dale, 173 W.Va. 681, 686, 319 S.E.2d 806, 811 (1984). The SCAWV further determined that "the statutory waiver provisions [of W. Va. § 53-4A-1 *et seq.*] may be applied only when the record demonstrates that an omnibus hearing was conducted in the prior habeas corpus proceedings." Id.("We concluded, by its very language, West Virginia Code § 53-4A-1(c) contemplates a knowing and intelligent waiver, in the vein of a waiver of a constitutional right, which cannot be presumed from a silent record.") Specifically, the SCAWV explained that an omnibus hearing must meet the following requirements for the purposes of the wavier provisions of West Virginia Code § 53-4A-1 *et seq.*:

> In order to show knowing and intelligent waiver of grounds not asserted, the record of the prior omnibus hearing must show that counsel interrogated and discussed with the petitioner every potential ground for relief in habeas corpus and explained the conclusive effect of the final decision on subsequent applications for habeas corpus relief. The court before which the omnibus hearing is conducted has a duty to "inquire on the record whether counsel discussed all grounds which might apply to petitioner's case and whether petitioner was advised by his counsel about the grounds and intentionally waives them" and to "enter a comprehensive order which addresses not only the ground actually litigated, but the grounds waived as well."

21

Id.(citation omitted). Furthermore, the requirement that the "record conclusively demonstrate a voluntary waiver also applies to claims a petitioner fails to raise in a habeas appeal." Mahood v. Terry, 2018 WL 4390736, * 3 (S.D.W.Va. Sept. 13, 2018)(citing Boothe v. Ballard, 2016 WL 1275054, * 45 (S.D.W.Va. March 31, 2016).

In the instant case, the record indicates that Petitioner would not be procedurally barred under Section 53-4A-1(c) from raising the unexhausted claims in a subsequent State proceeding. The record is devoid of any indication that Petitioner intelligently and knowingly waived these unexhausted claims. There is no evidence that Petitioner was cautioned that he was waiving these claims by not raising them in his underlying *habeas* proceedings. First, it is undisputed that Petitioner did not have an omnibus hearing. Second, it is not clear that Petitioner made a knowing, voluntary, and intelligent waiver of claims in a *Losh* List. As state above, Section 53-4A-1(c) "contemplates a knowing and intelligent waiver, in the vein of a waiver of a constitutional right, which cannot be presumed from a silent record." Gibson, 173 W.Va. at 684, 319 S.E.2d at 808. Therefore, the undersigned cannot find that the record conclusively demonstrate that Petitioner voluntarily refrained from asserting known grounds for relief. The Fourth Circuit has stated that "[i]f any reasonable possibility exists that the state court may apply an exception to its procedural default rule, the federal court should not apply a state procedural bar to find that exhaustion is futile." Meadows v. Legursky, 904 F.2d 903, 909 (4th Cir. 1990), abrogated on other grounds by, Trest v. Cain, 522 U.S. 87, 118 S.Ct. 478, 139 L.Ed.2d 444 (1997). Based on the foregoing, the undersigned finds there is a reasonable possibility that the State court may apply an exception to its procedural default rule. See Losh v. McKenzie, 166 W.Va. 762, 764 277 S.E.2d at 609(Section 53-4A-1 *et seq.* "contemplates that every person convicted of a crime shall have a fair trial in the

circuit court, an opportunity to apply for an appeal to this Court, and *one omnibus post-conviction habeas corpus hearing* at which he may raise any collateral issue which have not previously been fully and fairly litigated.")(emphasis added); also see Clement v. Ballard, 2015 WL 6690158, * 9 (S.D.W.Va. Sept. 22, 2015)(finding procedural default was inapplicable because there was a reasonable possibility that the State might address petitioner's unexhausted grounds on the merits given petitioner's claim that his unexhausted claims were the result of ineffective assistance of *habeas* counsel); Bennett v. Ames, 2019 WL 8054945, * 7, fn. 1 (S.D.W.Va. Oct. 28, 2019)("[B]ecause it is not presently clear from the record before this court whether the state courts would reject a new habeas corpus petition addressing these additional claims by the petitioner, the undersigned declines to speculate about the application of the procedural default doctrine to those claims."). Accordingly, the undersigned finds it necessary to considered whether the above action should be dismissed as petition containing unexhausted claims or stayed and held in abeyance pending exhaustion.

**2.      Stay and Abeyance:**

In Rhines, the Supreme Court determined that when a State prisoner presents a mixed petition under § 2254, that is a petition containing claims that are both exhausted and unexhausted, the district Court may (1) dismiss the petition in its entirety; (2) order a stay and abeyance while the petitioner exhausts his claims in State Court; or (3) allow the petitioner to remove the unexhausted claim claims and proceed with the exhausted claims. Rhines v. Weber, 544 U.S. 269, 275-77, 125 S.Ct. 1528, 161 L.E.2d 440 (2005). The Supreme Court, however, cautioned that a "[s]tay and abeyance, if employed too frequently, has the potential to undermine" the twin purposes of the total exhaustion requirement and the limitation period. Id., 544 U.S. at 277, 125 S.Ct. at 1534. Specifically, the Supreme Court explained as follows:

> Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition.

Id., 544 U.S. at 277, 125 S.Ct. at 1535. Thus, a stay and abeyance is only appropriate in limited circumstances in which the district court determines that "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that petitioner engaged in intentionally dilatory litigation tactics." Id., 544 U.S. at 277-78, 125 S.Ct. at 1536(noting that "if a district court dismisses a mixed petition close to the end of the 1-year period, the petitioner's chances of exhausting his claims in state court and refiling his petition in federal court before the limitations period runs are slim."); also see Pace v. DiGuglielmo, 544 U.S. 408, 416, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)("A petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court" prior to fully exhausting his state remedies). The Fourth Court, however, has not yet precisely defined what constitutes good cause under Rhines. This Court has determined that good cause exists where a petitioner's future opportunity to return to federal court would be jeopardized. See Carter v. Ballard, 2015 WL 966127, * 12 (S.D.W.Va. March 4, 2015)(finding a stay was appropriate where the petitioner had only 39 days from the date of the Proposed Findings and Recommendation to file his state *habeas* petition, which would toll the statute of limitations); Clement v. Ballard, 2015 WL 6690158 (S.D.W.Va. Sept. 22, 2015)(finding good cause for a stay "in light of the complex procedural issues arising in this case, [petitioner's] allegations of ineffective assistance of state *habeas* counsel, the possibility that [petitioner's] ability to obtain federal *habeas* relief will be jeopardized if his petition is dismiss, and the State of West Virginia's acquiesces to a stay."); Adams v. McBride, 2009 WL 3187209, * 1 (S.D.W.Va. Sep. 30,

2009)(granting stay where it seemed clear that dismissal of the federal petition would undoubtedly result in petitioner's inability to timely seek federal relief); also see Demere v. Ballard, 2013 WL 5352950 (N.D.W.Va. Sept. 24, 2013)("this procedure is only appropriate where an outright dismissal could jeopardize the timeliness of a petitioner's collateral attack in federal court"); Kanode v. Waid, 2011 WL 2633645 (S.D.W.Va. July 5, 2011)("[T]he practice of staying a federal habeas case while a petitioner returns to state court to exhaust his claims should be used sparingly.").

First, the undersigned notes that Petitioner has failed to exhaust his State court remedies for *all* of his claims. Thus, the undersigned will consider whether the Rhines rationale applies to an *unmixed* petition. The United States Supreme Court has not specifically addressed this issue. The Third, Fourth, Seventh, Ninth, and Tenth Circuits, however, have interpreted that Pace v. Guglielmo, 544 U.S. 408, 416, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005) extended the Rhines rationale beyond mixed petitions. See Mena v. Long, 813 F.3d 907 (9th Cir. 2016)(holding that the "*Rhines* stay-and-abeyance procedure is not limited to mixed petitions, and a district court may stay a petition that raises *only* unexhausted claims"); Hyman v. Keller, 2011 WL 3489092 * 10 (4th Cir. 2011)(finding that in *Pace*, the Supreme Court "extended the *Rhines* rational beyond mixed § 2254 petitions"); Heleva v. Brooks, 581 F.3d 187, 191-92 (3rd Cir. 2009)(finding that "*Pace* seems to open the door to utilizing the stay and abeyance procedure in at least some limited circumstances beyond the presentation of a mixed petition"); Dolis v. Chambers, 454 F.3d 721, 724-25 (7th Cir. 2006)(remanding for consideration of a possible stay and abeyance even though the petition contained only unexhausted claims); Doe v. Jones, 2014 WL 3906849, * 7 (10th Cir. Aug. 12, 2014)(finding that the district court had discretion to consider a Rhines stay in an unmixed

25

petition when petitioner had two days remaining of the federal limitations period); also see Robinson v. Horton, 950 F.3d 337, 347 (6th Cir. 2020)(indicating that *Rhines* applies to petitions containing only unexhausted claims); Dreyfuse v. Pszczokowski, 2017 WL 478564, * 12 (S.D.W.Va. Jan. 6, 2017), report and recommendation adopted, 2017 WL 758950 (S.D.W.Va. Feb. 27, 2017)(J. Chambers). In Pace, the Supreme Court held that a petitioner was not entitled to equitable tolling of the statute of limitations while his untimely state petition was pending in state court. The Supreme Court suggested that "[a] prisoner seeking state postconviction relief might avoid this predicament, however, by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." Pace, 544 U.S. at 416, 125 S.Ct. at 1807. It is important to note that the *habeas* petition in Pace was an unmixed petition, and the Supreme Court gave no indication that the foregoing statement applied to only mixed petitions. Furthermore, it is very unlikely the Supreme Court would have suggested the above action in Pace if such an action would have been unavailable to Mr. Pace due to his *habeas* petition being unmixed. Based on the forgoing, the undersigned finds that the Rhines standard applies to unmixed petitions.

Applying the Rhines standard to the facts of the instant case, the undersigned first considers whether good cause exists based upon AEDPA's one-year limitation period. The undersigned finds that the record does support a timeliness concern regarding the filing of Petitioner's Section 2254 Petition. Section 2244(d)(1)(A) provides that a Section 2254 *habeas* petition must be filed within one year after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[4] Petitioner filed

---

[4] Title 28, United States Code, Section 2244(d)(1) provides as follows:

his petition for appeal on July 22, 2019, and the SCAWV affirmed his conviction and sentence on November 19, 2020. Petitioner did not file a Petition for Writ of Certiorari in the United States Supreme Court, and therefore his conviction became final under 28 U.S.C. § 2244(d)(1)(A) on February 18, 2021 (90 days after the SCAWV denied his Petition for Appeal). Thus, pursuant to Rule 6(a) of the Federal Rules of Civil Procedure,[5] the one-year statute of limitation began to run on February 19, 2021, and Petitioner had until February 18, 2022, to file a Section 2254 Application in the United States District Court, *unless* he first sought post-conviction relief from the State Courts. On April 26, 2021, Petitioner filed his *pro se* Petition for Writ of *Habeas Corpus*

---

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

[5] Rule 6(a) of the Federal Rules of Civil Procedure provides in part, as follows:
**(a) Computing Time.** The following rules apply in computing any time period specified in these rules, in any local rule or court order, or in any statute that does not specify a method of computing time.
**(1) Period Stated in Days or a Longer Unit.**
When the period is stated in days or a longer unit of time:
**(A)** exclude the day of the event that triggers the period;
**(B)** count every day, including intermediate Saturdays, Sundays, and legal holidays; and
**(C)** include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

in the Circuit Court of Fayette County (Case No. 21-C-51), which was 66 days after the statute of limitation period began to run. Accordingly, the one-year statute of limitation period was tolled by Petitioner's State *habeas* proceedings. Petitioner filed an original jurisdiction petition for writ of *habeas* corpus with the SCAWV on May 20, 2021, which was refused by the SCAWV on January 27, 2022 (Case No. 21-0431). On March 11, 2022, the Circuit Court of Fayette County denied his *habeas* petition. Petitioner had four months to file an appeal to the SCAWV. See Rule 5(f) of the West Virginia Rules of Appellate Procedure. Thus, Petitioner had until July 11, 2022 to appeal the Circuit Court's denial of his *habeas* petition to the SCAWV, at which time the limitations would have begun to run again. The limitations period, however, remained tolled because Petitioner filed a second Petition for Writ of *Habeas Corpus* in the Circuit Court of Fayette County (Case No. 22-C-45) on April 26, 2022. On July 7, 2022, the Circuit Court denied Petitioner's second *habeas* petition, and Petitioner appealed the denial to the SCAWV. By Order entered on January 25, 2023, the SCAWV dismissed Petitioner's appeal. The limitations period remained tolled because during the pendency of his foregoing appeal, Petitioner also filed a petition for writ of mandamus with the SCAWV on August 24, 2022 (Case No. 22-668). By Order entered on February 13, 2023, the SCAWV refused Petitioner's writ. Thus, the limitation period thus began to run again on February 14, 2023. See Harris v. Director, 282 Fed.Appx. 239 (4th Cir. 2008)(finding that "the district court erred by not recognizing that the limitations period was tolled during the pendency of Harris's statement mandamus petition.") On March 24, 2023, thirty-eight (38) days later, Petitioner filed his Section 2254 Petition. Although it is undisputed that Petitioner's Section 2254 Petition was timely filed,[6] the statute of limitations was not tolled by the filing of the Section 2254 Petition. See

---

[6] At the time of the filing of Petitioner's Section 2254, one hundred (100) days of Petitioner's one year

Duncan v. Walker, 533 U.S. 167, 172, 121 S.Ct. 2120, 2124, 150 L.Ed.2d 251 (2001)("[A] properly filed federal habeas petition does not toll the limitation period."). Since the statute of limitations was not tolled by the filing of Petitioner's Section 2254 petition, the limitations period would have expired on December 10, 2023.[7] Accordingly, the undersigned finds that dismissal would jeopardize the timeliness of Petitioner's Section 2254 Petition and, therefore, Petitioner can demonstrate good cause supporting a stay of the instant of proceedings if Petitioner wishes to return to State Court to exhaust his unexhausted claims.

Considering the second prong of Rhines, the undersigned cannot find that all of Petitioner's unexhausted claims are plainly meritless. At least part of Petitioner's unexhausted claims involves critical aspects of Petitioner's conviction, including the ineffective assistance of counsel and that his sentence was enhanced based on an unconstitutionally vague statute in violation of the due process clause, which are not facially frivolous. Considering the third prong of Rhines, the undersigned finds there is no obvious indication that Petitioner has engaged in "intentionally dilatory litigation tactics." Based upon the above procedural history, it appears that Petitioner has unartfully but diligently challenged his conviction and sentence. The undersigned, therefore, finds that Petitioner has satisfied the three requirements for the issuance of a stay under Rhines.

Accordingly, the undersigned recommends that the District Judge find that Petitioner's Section 2254 Petition is an unexhausted petition, Petitioner is entitled to a stay while he exhausts his State court remedies, and Petitioner's Section 2254 Petition be held in abeyance until that time.

---

period had expired.

[7]   Petitioner is hereby **NOTIFIED** that the calculations of the statute of limitations set forth in this Proposed Finding and Recommendation are not conclusively correct. It is Petitioner's responsibility to file his petition correctly and timely.

The undersigned further recommends that the District Judge condition the stay on Petitioner's pursuing his State court remedies within 60-days of from the date of the order to stay as entered by the District Court, and require Petitioner to return to federal court within 45-days after he has exhausted his State court remedies.

## **PROPOSAL AND RECOMMENDATION**

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** the following:

(1)    Respondent's Motion to Dismiss (Document No. 12) be **DENIED**;

(2)    Petitioner be **GRANTED** a **STAY**, and this action be **REMOVED from the Court's active docket** until further order of the Court, so that Petitioner may pursue his State court remedies for his unexhausted claims and that the stay be condition on Petitioner pursuing his State court remedies within **sixty (60) days** of the date that the order to stay is entered; and

(3)    Petitioner's Section 2254 Petition (Document No. 1) be held in **ABEYANCE** pending exhaustion of State court remedies, and Petitioner be required to return to federal court within **forty-five (45) days** after he has exhausted his State court remedies and seek to lift the stay.

The parties are hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Joseph R. Goodwin. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.) cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984). Copies of such objections shall be served on opposing parties, Judge Goodwin, and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to send a copy of the same to Petitioner, who is acting *pro se*, and counsel of record.

Dated: December 26, 2023.

Omar J. Aboulhosn
United States Magistrate Judge